■ FRANKLIN P. CORL et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 45775.) — GABRIELLI, J. Appeal by the State from a judgment in favor of claimants entered July 28, 1967 upon a decision of the Court of Claims. For the taking of 16.5 acres of claimants' 67-acre dairy farm, they have been awarded $49,305, the appropriation dividing their land into three parcels, some of which was landlocked. The parties are in basic agreement that the highest and best use of the premises prior to the taking, was an operating dairy farm, and concededly not a specialty. The trial court's decision quite properly recognized that the testimony of the claimants' appraisal expert must be rejected as to land value since there was no basis given for it, and that "Not only can the court give no consideration to this witness' evidence of land value but he based his opinion of the value of the improvement exclusively on reproduction cost which the court must reject". (See *Guthmuller* v. *State of New York*, 23 A D 2d 597; *Staudt* v. *State of New York*, 30 A D 2d 729). Absent sufficient explanation and a basis for his conclusion, the trial court would normally be compelled to adopt the State's appraisal (*Evans* v. *State of New York*, 31 A D 2d 565; *Stiriz* v. *State of New York*, 26 A D 2d 964). However, the State's appraiser erroneously ignored consequential damages in his valuation of the property after the taking and, more importantly, it was conceded by this expert that the highest and best use after the taking was for an addition to a crop farm, and not for use as a dairy farm; and thus the trial court properly rejected this expert's testimony as to after value. No where in the record is there a range within which the court could operate. Although the trial court recognized the errors and deficiencies in the State's proof it, nevertheless, in an apparent effort to salvage the time and effort expended on the trial arrived at valuations "derived" from it; and as we stated in *Staudt* v. *State of New York* (*supra*) (decided after the trial of the instant case), "(t)he result of this pragmatic approach was an award that was very likely fair and just but one, nevertheless, that was necessarily subjective and without evidentiary support, and, incidentally, not within the range of the evidence (*Clearwater* v. *State of New York*, 28 A D 2d 936)". While the question of the running of interest as raised by the State has become academic by reason of our determination, we would observe that the trial court's determination in this regard was proper under the authority of *Leeds* v. *State of New York* (20 N Y 2d 701). Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Gibson, P. J., Herlihy,

Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.